**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PROPERTY I.D. CORPORATION, a California corporation and CARLOS SIDERMAN, an individual,<br><br>        Plaintiffs-counter-defendants - Appellants,<br><br>  v.<br><br>GREENWICH INSURANCE COMPANY, a Delaware Corporation,<br><br>        Defendant-counter-claimant - Appellee. | No. 09-55364<br><br>D.C. No. 2:08-cv-00696-CAS-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted April 9, 2010
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and WHALEY, Senior
District Judge.**

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **    The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Property I.D. Corporation and Carlos Siderman (the "PID parties") appeal the district court's decision granting summary judgment in favor of Greenwich Insurance Company. The PID parties challenge the district court's holding that Greenwich did not owe a duty to defend and indemnify the NDA Action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo. *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). "The meaning and interpretation of an insurance contract is a question of law reviewed de novo." *Id*. "The insurer bears the burden of bringing itself within a policy's exclusionary clauses" and exclusions are "strictly construed." *Id*. at 644–45.

Pursuant to the prior and/or pending litigation exclusion in the Greenwich policy the PID parties were not entitled to defense and indemnity of the NDA Action. *See ML Direct, Inc. v. TIG Specialty Ins. Co.*, 93 Cal. Rptr. 2d 846, 853 (Cal. Ct. App. 2000). The Employment Cross-Complaint was a civil proceeding filed before the Greenwich policy period began. The NDA Action and the Employment Cross-Complaint both arose directly out of Sergio Siderman's departure from Property I.D. Corporation and his decision to form an independent company, and Carlos Siderman's alleged efforts to undermine this competition. Although the NDA Action contains some allegations that are not found in the

2

Employment Cross Complaint, the NDA action was "based upon," "ar[o]s[e] out of," and "directly or indirectly result[ed] from" the ongoing dispute at issue in the Employment Cross-Complaint. Thus, the NDA Action fell within the prior and/or pending litigation exclusion and was not covered by the policy.

The PID parties argue that the prior and/or pending litigation exclusion is ambiguous because it could conceivably be given an expansive interpretation. However, exclusion of coverage for the NDA Action is consistent with any reasonable construction of the exclusion, and "[w]e will not adopt a strained or absurd interpretation to create an ambiguity where none exists." *ML Direct*, 93 Cal. Rptr. 2d at 850.

Because we hold that the PID parties were not entitled to coverage in the NDA Action due to the prior and/or pending litigation exclusion, we decline to reach Greenwich's other grounds for denying coverage.

**AFFIRMED.**